THE STATE OF SOUTH CAROLINA

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR. 
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
Edward R. Flanary, Jr., Petitioner,
v.
Carolyn Virginia Flanary, Respondent.
 
 
 

ON WRIT OF CERTIORARI
TO THE COURT OF APPEALS

Appeal From Greenville County
 Robert N. Jenkins, Sr., Family Court Judge

Memorandum Opinion No. 2006-MO-019
Submitted May 2, 2006  Filed May 8, 2006

AFFIRMED

 
 
 
O. W. Bannister, Jr., of Bannister, Wyatt & Kappel, of Greenville, for Petitioner.
Vanessa Lynn Hartman, of Greenville, for Respondent.
 
 
 

PER CURIAM:  Petitioner seeks a writ of certiorari following the denial of his petition for rehearing by the Court of Appeals.  We grant the petition, dispense with further briefing, and affirm the decision of the Court of Appeals.
Petitioner and respondent married in 1980.  No children were born of the marriage.  Petitioner filed for divorce in January of 2002.  A divorce was granted in September of 2002.  A hearing was subsequently held to determine issues related to alimony, equitable division, and attorneys fees.  The family court awarded respondent permanent periodic alimony, divided the marital estate, and denied attorneys fees to either party.  Petitioner filed a motion for reconsideration arguing the family court overlooked a marital debt assigned to him when making its equitable division and, as a result of this mathematical error, he was awarded a substantially smaller percentage of the net estate than respondent.  The motion was denied.
A majority of the Court of Appeals affirmed the family courts order, finding the division of the marital estate to be equitable.  Flanary v. Flanary, Op. No. 2004-UP-613 (S.C. Ct. App. filed December 7, 2004).  Judge Stilwell filed a dissenting opinion.
Petitioner contends the Court of Appeals erred in failing to find that the family court made a mathematical error which resulted in an inequitable division of the marital estate and then wrongfully refused to correct that error on a motion for reconsideration.
While we note that petitioner is correct that the calculations in the family courts order contain a mathematical error,[1] we agree with the Court of Appeals that the overall division ordered by the family court is equitable and clearly delineates the marital assets and debts apportioned to each party.  We therefore affirm the decision of the Court of Appeals.   
AFFIRMED.       
TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.

[1] In explaining the effect of its distribution of the marital estate, the family court stated petitioner was awarded a net estate of $222,632.39 and respondent a net estate of $215,501.28, which would reflect the division of a total net estate of $438,133.67.  This result is clearly erroneous in light of the fact that there was only a total net estate of $286,743.25 to divide.  The family courts order clearly reveals marital property totaling $1,224,521 and marital debt totaling $937,777.75.  Therefore, the net marital estate is only $286,743.25.